IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| MICHAEL BERNARD GLENN, #A6062248, | ) ) | NO. 1:18-cv-00055 DKW-KSC |
|---|---|---|
| | ) | TRANSFER ORDER |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HEAD WARDEN THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before the Court is pro se Plaintiff Michael Bernard Glenn's prisoner civil rights complaint.[1] ECF No. 1. Plaintiff is a Hawaii state prisoner who is incarcerated at the Saguaro Correctional Center ("SCC") located in Eloy, Arizona. Plaintiff names SCC Head Warden Thomas as the only Defendant to this suit, alleges that Thomas resides in Arizona, and complains of acts that occurred or are occurring in Arizona at SCC. For the following reasons, this action is TRANSFERRED to the United States District Court for the District of Arizona.

## I. SCREENING

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer, or employee of a governmental

---

[1]Plaintiff sent the Complaint, which is on a District of Hawaii prisoner complaint form, to the Circuit Court of the First Circuit, State of Hawaii, which forwarded it to this Court.

entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or a portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his or her rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678-79; *Moss v.*

*U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

## II. PLAINTIFF'S CLAIMS

Plaintiff first claims that Warden Thomas and/or his staff read mail that he sent to the federal government that referenced the National Anthem. *See* Compl., ECF No. 1, PageID #5 (Count I). Plaintiff claims he knows this occurred because the day after he gave his letter to prison officials for mailing, a guard entered his housing unit singing the National Anthem "at the top of his lungs." *Id.*

Plaintiff next claims that SCC officers have harassed, verbally threatened, intimidated, and disciplined him because he wrote to the federal government and unidentified agencies about incidents at SCC. *Id.*, PageID #6 (Count II).

Finally, Plaintiff claims that SCC officials have denied his requests for medical care. *Id.*, PageID #7 (Count III).

Plaintiff asks the Court to investigate his allegations and seeks assistance in pursuing a civil rights action regarding his claims.

## III. DISCUSSION

Venue may be raised sua sponte when the defendant has not filed a responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). If jurisdiction is not founded solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b).

Plaintiff states that Warden Thomas resides in Arizona, and he challenges acts or omissions that allegedly occurred at SCC, which lies within the venue of the District of Arizona, *see* 28 U.S.C. § 82. Thus, the first two factors of § 1391(b) make clear that venue for this suit does not lie in the District of Hawaii. *See, e.g.*, *Ah Sing v. Dep't of Public Safety*, 2012 WL 5880918, at *3-4 (D. Haw. Nov. 21, 2012) (transferring suit to District of Arizona after concluding that contractual agreement between private prison and the State of Hawaii did not govern venue issue, plaintiff was incarcerated at SCC, defendants resided in Arizona, and claims allegedly occurred at SCC); *Davis v. State of Hawaii*, 2009 WL 1227841, at *4 (D.

Haw. May 4, 2009) (finding venue was proper in Arizona, where Hawaii state prisoner was incarcerated at SCC, and where he was allegedly prevented from practicing his Native Hawaiian religion); *Lee v. Corr. Corp. of America*, 525 F. Supp. 2d 1238, 1242 (D. Haw. 2007) (rejecting argument that venue lay in Hawaii based on contract between CCA and the Hawaii Department of Public Safety and concluding venue was proper in Mississippi where prisoner allegedly sustained injuries when attacked by other inmates). Section 1391(b)'s third factor does not apply, because Plaintiff could have brought this suit in the District of Arizona.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Whether the interest of justice militates in favor of transfer rather than dismissal is a judgment committed to the sound discretion of the district court." *Citizens for a Better Environment-California v. Union Oil Co. of California*, 861 F. Supp. 889, 898 (N.D. Cal. 1994); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (discussing district court's discretion to transfer venue under 28 U.S.C. § 1404(a)). "Normally transfer will be in the interest of justice because normally dismissal of an action that could have been

brought elsewhere is time-consuming and justice-defeating." *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990).

While Plaintiff appears to have omitted facts showing that SCC Warden Thomas had any personal involvement in Plaintiff's retaliation and inadequate medical care claims, which could justify dismissal with leave to amend subject to the discretion of the court, these determinations are better left to the District of Arizona, where venue for Plaintiff's claims lies.

Accordingly, in the interests of justice, this case is TRANSFERRED to the United States District Court for the District of Arizona. *See* 28 U.S.C. § 1406(a). The Clerk shall terminate all pending motions and transfer the entire file to the District of Arizona.

IT IS SO ORDERED.

DATED: February 14, 2018 at Honolulu, Hawai'i.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

*Michael Bernard Glenn v. Head Warden Thomas*; Civil No. 18-00055 DKW KSC; **TRANSFER ORDER**

*Glenn v. Thomas*, No 1:18-cv-00055 DKW-KSC; Transfer Order; Trsf Ven Rmnd '18